1  Jeffrey Lewis (Bar No. 183934)
2  Sean Rotstan (Bar No. 316041)
   **JEFF LEWIS LAW**
3  609 Deep Valley Drive, Suite 200
   Rolling Hills Estates, CA 90274
4  Tel. (310) 935-4001
   Fax. (310) 872-5389
5  E-Mail: Jeff@JeffLewisLaw.com

6  Attorneys for Plaintiffs
7  PHILLIP LUNN, CHIE LUNN and
   DAVIN LAGARDE GREEN
8

9              **UNITED STATES DISTRICT COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

11

12
   PHILLIP LUNN, an individual;          ) Case No.:   2:21-cv-00872
13 CHIE LUNN, an individual; and         )
   DAVIN LAGARDE GREEN, an               ) **COMPLAINT FOR:**
14 individual,                           )
                                         ) **DEMAND FOR JURY TRIAL**
15             Plaintiffs,               )
                                         )   **1. Negligence**
16                                       )   **2. Public Nuisance**
          vs.                            )   **3. Private Nuisance**
17                                       )   **4. Inverse Condemnation**
   CITY OF LOS ANGELES, a                )   **5. Violation of First Amendment**
18 governmental entity,                  )   **6. Violation of Due Process and**
                                         )      **Equal Protection**
19             Defendant.                )   **7. Uncompensated Taking**
                                         )
20 ──────────────────────────────────   )

21

22
       Plaintiffs Phillip Lunn, Chie Lunn and Davin LaGarde Green (collectively
23

24 "Plaintiffs") hereby allege as follows:

25
                        **Nature of Action**
26

27      1.     This action is substantially related to the facts, claims and defenses

28 asserted in *LA Alliance for Human Rights v. City of Los Angeles*, Case No. 2:20-cv-

Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274



─────────────────────────────────────
                    COMPLAINT

02291 (the "LA Alliance Action") now pending before this Court. The LA Alliance

Action pertains to a failure within Los Angeles County and City of Los Angeles to

adequately address and protect the homeless population and to ensure that taxpayer

funds are spent adequately.

2.      This action presents a microcosm of the larger problems pled in the

LA Alliance Action. Two of the plaintiffs own a home next to an area that the City

has neglected and allowed the homeless to erect tent cities and Recreational Vehicle

("RV") parking areas. The same problems caused on a County and City wide scale

alleged in the LA Alliance Action, are presented in the Venice neighborhood at

issue in this case.

## PARTIES, JURISDICTION AND VENUE

3.      Plaintiffs Phillip and Chie Lunn are residents of the Defendant City of

Los Angeles ("City").

4.      Plaintiff Davin LaGarde Green is a resident of the State of Missouri.

5.      Defendant City is a political subdivision of  the State of California,

with the capacity to sue and be sued. The departments of the City include the Los

Angeles Department of Public Works with its various sub-departments including

the Los Angeles Department of Sanitation (LASAN), and the Los Angeles Police

Department (LAPD).

6.      This action is brought pursuant to the First, Fifth, and Fourteenth

Amendments of the United States Constitution. This Court has jurisdiction pursuant

- 2 -
COMPLAINT

Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

to 28 U.S.C. §§ 1331, 1343, and 1367.

7.    This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as it arises from the same case or controversy as Plaintiffs' federal claims.

8.    All of the actions and omissions complained of occurred in the Central District of California. Therefore, venue is proper in this District. 28 U.S.C. § 1331.

9.    The claims below arise under 42 U.S.C. § 1983 in relation to Defendants' deprivation of Plaintiffs' rights as secured by the U.S. Constitution and federal law.

## GENERAL ALLEGATIONS

8.    To the extent that the claims herein seek equitable and injunctive relief only, no pre-filing claim was necessary prior to filing this suit. To the extent that damages are sought herein, a Government Code claim was presented by Plaintiffs to the City on May 22, 2020. The City never responded to the claim.

9.    Each paragraph of this Complaint is expressly incorporated into each claim for relief set forth below.

10.    Since 2009, the Lunns have resided at 1026 Rose Avenue across the street from the South Side of Penmar Golf Course along Rose Avenue in Venice (the "Rose-Penmar Walkway.") At the time of their purchase, there were no tents, no RV's and no other obstructions to their beautiful clear view of the golf course. The Lunns paid a premium value for that view. Prior to November 2019, Mr. and

- 3 -
COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

Mrs. Lunn and their neighbors enjoyed both the unobstructed view and the use of the walkway as a jogging and walking trail.

11.     Since November 2019, the Rose-Penmar Walkway has been used as a homeless camp that has been ignored by the City. A tent city has been erected on the strip of land and there is presently a health and safety risk created due to the lack of bathrooms, risk of COVID-19 spread, violence, noise and risk of fires. The situation constitutes a nuisance and puts the residents' health, including the homeless, in jeopardy. Although the homeless camp was partially abated by the City in late 2020, the duration of the City's planned abatement is unknown. Moreover, a number of RVs have been allowed to remain parked and used by the homeless adjacent to nearby Penmar Park.

12.     The Lunns' property is located approximately 240 yards from the parked RVs. As of the filing of this complaint, the Lunns estimate that in the time period November 2020 to the present, between 20 and 30 RVs are allowed by the City to be parked as a homeless shelter.

13.     The City is indifferent to the risks created by these RVs. Within the last six months at least three dangerous fires have been caused by the RVs yet the City allows them to remain. The City is indifferent to the risks of homeowners, such as the Lunns, near the RV encampment. One RV fire occurred on September 17, 2020 across from Penmar Park. A second RV fire occurred on January 3, 2021 across from Penmar Park. A third RV fire occurred on January 19, 2021 on the

- 4 -
COMPLAINT

South side of Rose adjacent to Penmar Park. As of the filing of this complaint, there are two burned out shells of RVs on Rose Avenue that have not been removed.

14.    The City is also treating the homeless and property owners adjacent to the Rose-Penmar Walkway in an arbitrary fashion. For example, on or around April 10, 2020, Plaintiff Davin Green accepted ownership of a large blue cargo container (the "Container") that had been placed at the Rose-Penmar Walkway.

15.    On April 25, 2020, a notice was placed on the Container announcing that the Container was Ms. Green's private property. At that time, Ms. Green did not have a home to live in nor the means to move the Container.

16.    On April 30, 2020, the City removed the Container and left a notice indicating that Ms. Green could reclaim it from the City. That notice was inadequate because Ms. Green did not have the funds to retrieve the Container from where the City had relocated it. The City employed the Fire Department to break a lock securing Ms. Green's container. Ms. Green observes that while her property was seized, the tents used by the homeless were left intact. The RVs used by the homeless in the area have also been left intact. Burned out shells of RVs are left on the street.

17.    The City routinely tickets cars owned by property owners but does not ticket or otherwise enforce parking restrictions on RVs parked near Penmar Park. The Lunns have frequently received tickets.

COMPLAINT

Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

18.     The City's selective enforcement of removal procedures against Ms. Green is arbitrary and violates her right to equal treatment under the law.

19.     The Container had the words: "Monument to Absurdity, 56:11" written on its side. This was a political protest regarding the City's absurd and selective enforcement of Municipal Code section 56.11 – the law pertaining to storage of personal property in public spaces. Ms. Green is informed, believes and thereon alleges that the removal of the Container was intended and did in fact chill her expression of political speech pertaining to the City's homeless policing practices.

## FIRST CLAIM FOR RELIEF

### (For Negligence asserted by the Lunns only)

1.     Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 19 of this Complaint as though set forth fully herein.

2.     The City, by and through its agents and employees, have sole right and responsibility to control, maintain, and keep safe and clean the public and public-right-of-way areas in the City including parks, sidewalks, streets, public buildings, and certain undeveloped areas such as alongside freeways and other transportation routes, and to make and enforce laws assuring the public health and safety thereof for its citizens and their guests. Among other things, the City has the duty to maintain these areas in a manner which does not unreasonably interfere with the

Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

free passage or use by plaintiffs, and which addresses and alleviates conditions which are harmful to health, or indecent or offensive to the senses, and which create a fire hazard or permit crime to occur unabated including the illegal sale of controlled substances.

3. The public is entitled to the free and unobstructed use of entire streets and sidewalks. Indeed, municipalities have the duty to keep their communities' streets open and available for movement of people and property.

4. In 2016, the City sponsored and supported a ballot measure which promised to "provide safe, clean affordable housing for the homeless, and … to provide facilities to increase access to mental health care, drug, and alcohol treatment and other services" if its citizens authorized the issuance of $1,200,000,000 in general obligation bonds for that purpose. Proposition HHH passed overwhelmingly and became law in 2017, thereby obligating and creating a duty of the City to implement it in a manner to achieve its purposes.

5. The City and its agents have breached their duty to its citizens, including and specifically to the Lunns, and each plaintiff and the Lunns have suffered damages as a result, as described more fully *below*.

**SECOND CLAIM FOR RELIEF**

**(For Public Nuisance asserted by the Lunns only)**

20. Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 19 of this Complaint as though

- 7 -
COMPLAINT

1    set forth fully herein.

2        21.    California defines nuisance as:

3

4        [a]nything which is injurious to health, including, but not

5        limited to, the illegal sale of controlled substances, or is

6        indecent or offensive to the senses, or an obstruction to the

7        free use of property, so as to interfere with the comfortable

8        enjoyment of life or property, or unlawfully obstructs the

9

10       free passage or use, in the customary manner, of any

11       navigable lake, or river, bay, stream, canal, or basin, or any

12

13       public park, square, street, or highway, is a nuisance.

14   Cal. Civ. Code § 3479.

15       22.    A nuisance cause of action is plainly aimed at protecting the public

16
17   from the hazards created by public nuisances. In addition to health and safety

18   hazards, a reduction in property values caused by activities on a piece of land, and

19
20   an assault on the senses by noise, dust, and odors, are just the kinds of harm that

21   common lawsuits to abate a nuisance are designed to redress. A public nuisance is

22   the substantial and unreasonable interference with a public right.

23       23.    As described above, the City, by its failure to maintain the public

24
25   property under its control, and to enforce the laws requiring the same, is

26   perpetuating and facilitating nuisance violations.

27

28

Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

- 8 -
COMPLAINT

24.     Plaintiffs have experienced a substantial and unreasonable interference with the enjoyment of their property, whether that be a building owned or room rented; each have suffered and continue to be threatened with respect to their health and welfare, by reason of the constant threat of disease and the experience of human waste, trash, and encampments outside their property.

25.     Each plaintiff has been damaged in his or her own right, in a manner especially injurious to him or herself. No plaintiff has consented to the City's conduct.

### THIRD CLAIM FOR RELIEF

### (For Private Nuisance asserted by the Lunns only)

26.     Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 19 of this Complaint as though set forth fully herein.

27.     The Lunns own a home within the City. The City's actions, and inactions, has created a condition or permitted a condition to exist that is harmful to health, indecent and offensive to the senses, obstructs the free passage and use of public parks, squares, streets, highway, and sidewalks, permits unlawful sales of illicit narcotics, and constitutes a fire hazard, as described supra.

28.     The City's conduct has been and is intentional and unreasonable, unintentional but negligent or reckless, and/or the condition permitted to exist was the result of abnormally dangerous activity which substantially interfered with each

Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274



plaintiff's use or enjoyment of his or her land that an ordinary person would reasonably be annoyed or disturbed by. No plaintiff consented to the City's conduct.

## FOURTH CLAIM FOR RELIEF

### (For Inverse Condemnation asserted by the Lunns only)

29.    Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 19 of this Complaint as though set forth fully herein.

30.    California Constitution, article I § 19 provides in relevant part: "Private property may be taken or damaged for a public use and only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for, the owner." The actions by the City have limited, damaged, and/or burdened the owners' property so substantially that they rise to the level of a regulatory taking, yet no compensation has been provided.

## FIFTH CLAIM FOR RELIEF

### (For Violation of the First Amendment and Free Speech Rights

### Asserted by Green only)

31.    Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 19 of this Complaint as though set forth fully herein.



Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

- 10 -
COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

32.     Ms. Green has the right of free speech as guaranteed by the United States and California Constitutions. (U.S.  Const., Amend. I; Cal. Const.Art I, § 2.)

33.     Ms. Green's Container had the words: "Monument to Absurdity, 56:11" written on its side. This was a political protest regarding the City's absurd and selective enforcement of Municipal Code section 56.11. Ms. Green is informed, believes and thereon alleges that the removal of the Container was intended and did in fact chill her expression of political speech pertaining to the City's homeless policing practices. The RVs located adjacent to the location of the Container do not contain political messages and have been left intact and undisturbed.

## SIXTH CLAIM FOR RELIEF

### (For Violation of the Due Process and Equal Protection Rights

### Asserted by all Plaintiffs)

34.     Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 19 of this Complaint as though set forth fully herein.

35.     The City, by enforcing the law in some areas and declining to enforce the law in others, and by abdicating their duties under the law, have arbitrarily determined where homeless encampments may or may not be located and what communities should be affected, without following their own respective procedures and in violation of both state and federal law. This has placed a disproportionate burden on Plaintiffs and other persons, communities, and businesses over others.



COMPLAINT

36.    The City, by removing the Container, violated Ms. Green's right to Due Process.

### SEVENTH CLAIM FOR RELIEF

### (For Uncompensated Taking asserted by the Lunns only)

37.    Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 19 of this Complaint as though set forth fully herein.

38.    The Fifth Amendment mandates, in relevant part, that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. The Fifth Amendment is applied to the states through the Fourteenth Amendment. The actions by the City, have limited, damaged, and/or burdened the property owners' so substantially that they rise to the level of a regulatory taking, yet no compensation has been provided.

### PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendants as follows:

1.    Injunctive/equitable relief in a manner to be determined by law;

2.    Compensatory damages and other special, general and consequential damages according to proof;

3.    An award of costs of suit, including attorneys' fees; and

4.    Such other and further relief as this Court deems just and proper.

///

Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274



COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2              Plaintiffs hereby demand a jury trial.

3

4        DATED:  January 29, 2021         **JEFF LEWIS LAW**

5

6

7                                           By: _____s/ Jeffrey Lewis_____
                                                Jeffrey Lewis
8                                               Sean C. Rotstan

9                                               Attorneys for Plaintiffs
                                                PHILLIP LUNN, CHIE LUNN and
10                                              DAVIN LAGARDE GREEN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jeff Lewis Law
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

- 13 -
COMPLAINT